UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HAYDEE DELACARIDAD
CHILDERS,

    Plaintiff,

V.                                                 Case No: 2:11-CV-313-FtM-SPC

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff *pro se's* Memorandum in Opposition to the Commissioner's Decision (Doc. #21) filed on February 6, 2012. The Defendant filed its Memorandum in Support of the Commissioner's Decision (Doc. #22) on April 3, 2012. The Parties consented to jurisdiction of the undersigned on September 22, 2011, which was approved by the District Court on October 3, 2011. (Docs. #15, 16).

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and administrative record, and the pleadings and memoranda submitted by the parties in this case and issues the following Order.

# FACTS

## *Procedural History*

Plaintiff filed an application for a period of disability and disability insurance benefits on March 22, 2005, alleging disability beginning March 31, 2005. (Tr. 17, 31-32). The claim was denied initially on May 27, 2005, and upon reconsideration on August 24, 2006. On December 16, 2008, Administrative Law Judge (ALJ) Jennifer B. Millington held a video hearing, at which the Plaintiff and vocational expert Joyce Ryan appeared. On July 1, 2009, the ALJ issued a decision denying Plaintiff's application. (Tr. 17-29). The Appeals Council denied Plaintiff's request for review of this decision (Tr. 4-7) and the Commissioner's final decision is now subject to judicial review pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff filed the instant Complaint on May 25, 2011. (Doc. #1).

## *Plaintiff's History*

Plaintiff was 47-years old when her disability insured status expired on December 31, 2009, and at the time of the ALJ's decision (Tr. 29, 31-32, 64). She has past relevant work as a clerk typist and apartment house manager. (Tr. 27, 72). Plaintiff alleged that she became unable to work on March 31, 2005, because of leg problems and back pain. (Tr. 100).

## *Administrative Law Judge's Decision*

On July 1, 2009, after reviewing all of the evidence and testimony, ALJ Jennifer B. Millington issued a "Notice of Decision - Unfavorable." (Tr. 17-29). The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a wide range of sedentary work, specifically that:

- she could lift and carry up to 10 pounds on a regular basis and 10 pounds on an occasional basis;
- she could sit for 1 hour in an 8-hour workday, stand for 6 hours in an 8-hour work day, and walk for 1 hour in an 8-hour work day;
- she could never stoop, kneel, crouch, crawl, or climb ladders, ropes, and scaffolds;
- she could occasionally balance and climb ramps and stairs;
- she could never work in high exposed places, around other hazardous conditions, or with moving mechanical parts or vibrations;
- she could occasionally operate a motor vehicle;
- she could occasionally work in humidity and wetness, around dusts, odors, fumes, and pulmonary irritants, and in extremes of temperature;
- she could occasionally handle, finger, feel, push, and pull with both arms;
- she could occasionally operate foot controls with both feet; and
- she must be allowed to change positions from sitting after 5 minutes, from standing after 15 minutes, and after walking for 5 minutes. (Tr. 23).

The ALJ relied on testimony from a vocational expert (VE) to find that Plaintiff could perform work existing in significant numbers in the national economy. (Tr. 27-28). Accordingly, the ALJ found that Plaintiff was not disabled. (Tr. 28-29).

## **STANDARD OF REVIEW**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, and whether the findings are supported by substantial evidence. Hibbard v. Comm'r, 2007 WL 4365647 at *2 (M.D. Fla. Dec. 12, 2007) (citing Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988)). In evaluating whether a Plaintiff is disabled, the ALJ must follow the sequential inquiry described in the regulations (20 C.F.R. §§ 404.1520(a), 404.920(a)). The inquiry requires the ALJ to engage in a five-step analysis, which will either preclude or mandate a finding of disability. The steps are as follows:

Step 1. Is the Plaintiff engaged in substantial gainful activity? If the Plaintiff is engaged in such activity, then he or she is not disabled. If not, then the ALJ must move on to the next question.

Step 2. Does the Plaintiff suffer from a severe impairment? If not, then the Plaintiff is not disabled. If there is a severe impairment, the ALJ moves on to step three.

Step 3. Does the Plaintiff's impairment meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. If so, then the Plaintiff is disabled. If not, the next question must be resolved.

Step 4. Can the Plaintiff perform his or her former work? If the Plaintiff can perform his or her past relevant work, he or she is not disabled. If not, the ALJ must answer the last question.

Step 5. Can he or she engage in other work of the sort found in the national economy? If so, then the Plaintiff is not disabled. If the Plaintiff cannot engage in other work, then he or she is disabled. See 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f); see also Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004); Foote v. Chater, 67 F.3d 1553, 1557 (11th Cir. 1995) (per curiam).

The Commissioner's findings of fact are conclusive if supported by substantial evidence (42 U.S.C. § 405(g)). "Substantial evidence is more than a scintilla – *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Hibbard, 2007 WL 4365647 at *2 (citing Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838B39 (11th Cir. 1982))); Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The District Court must view the

evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding the court must scrutinize the entire record to determine reasonableness of factual findings).

The Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." Phillips, 357 F.3d at 1240 n.8; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). If the Commissioner's decision is supported by substantial evidence, it should not be disturbed. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).

## **DISCUSSION**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted, or can be expected to last, for a continuous period of not less than twelve (12) months (42 U.S.C. §§ 416 (I), 423 (d)(1); 20 C.F.R. § 404.1505). The impairment must be severe, making the plaintiff unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy (42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511). To determine whether the plaintiff is disabled, the ALJ is required to evaluate the claim according to the established five-step evaluation process.

The Plaintiff argues that the ALJ committed four errors for which this case should be reversed and remanded for further development or for payment. Specifically, Plaintiff *pro se* alleges that substantial evidence does not support the ALJ's decision that Plaintiff is not disabled. Specifically, to the best the Court can discern from her Brief, Plaintiff argues: (1) the

ALJ should have found that she had "severe" impairments of carpal tunnel syndrome, ankle pain, obesity, and depression; (2) the ALJ's RFC finding is erroneous because there is no substantial evidence that Plaintiff could stand 6 hours in a day; (3) the ALJ failed to properly analyze her subjective allegations of disabling limitations; and (4) the ALJ erred by not reconciling purported conflicts between the VE's written testimony and the DOT. The Court will consider each of these issues in turn.

*1. Whether the ALJ should have found that Plaintiff had "severe" impairments of carpal tunnel syndrome, ankle pain, obesity, and depression*

Plaintiff has the burden of proving that she has a severe physical or mental impairment. See Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987) ("It is not unreasonable to require the [plaintiff], who is in a better position to provide information about his own medical condition, to do so."). In this case, The ALJ considered that Plaintiff had carpal tunnel release surgery and ankle release surgery. (Tr. 19, 179). However, the ALJ also noted that the record did not reflect any severe problems with Plaintiff's carpal tunnel syndrome or ankle pain after 2004. (Tr. 19, 164-338). Accordingly, the ALJ found these impairments nonsevere. (Tr. 20). On appeal, Plaintiff argues that her carpal tunnel syndrome and ankle pain were "severe" impairments based on testing performed by consultative examiner Dr. A. Neil Johnson. (Doc. #21 at 9-10 (citing Tr. 181)).

The ALJ specifically considered Dr. Johnson's consultative exam in her opinion and gave his opinion great weight because it was consistent with the other evidence in the Plaintiff's record and substantiated by the record as a whole. (Tr. 25-26). As noted by the ALJ, Dr. Johnson opined that Plaintiff could stand 6 hours in a workday, for 15 minutes at a time, and

walk 1 hour in a workday, for 5 minutes at a time and without a cane, suggesting that he did not believe Plaintiff's ankle impairment to be substantially limiting. (Tr. 25, 186). With respect to Plaintiff's carpal tunnel syndrome, Dr. Johnson opined Plaintiff could frequently reach with both hands and could occasionally handle, finger, feel, push, and pull with both arms, suggesting only minor limitations arising from Plaintiff's carpal tunnel syndrome. (Tr. 25, 187). Dr. Johnson's physical exam was essentially normal. (Tr. 25). Therefore, the record, including Dr. Johnson's evaluation supports the ALJ's findings that her carpal tunnel syndrome and ankle pain were not severe limitations and not a basis for remand or reversal.

Plaintiff also contends that the ALJ did not properly consider the limiting effects of her obesity. (Doc. #21 at 10). In support, Plaintiff provides only references to her being obese, overweight, and well-nourished. (Doc. #21 at 10 (citing Tr. 180, 204, 219, 225, 234, 316, 324). However, a mere diagnosis of obesity does not indicate that the condition causes severe limitations. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988); see also Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (the mere existence of an impairment does not reveal the extent to which a claimant's ability to work is limited). Moreover, the Commissioner's ruling on evaluating obesity, Social Security Ruling (SSR) 02-01p, notes that "[t]here is no specific level of weight or BMI that equates with a 'severe' or 'not severe' impairment." See SSR 02-1p, 2000 WL 628049, at *4 (S.S.A. 2002). Plaintiff has provided no evidence to the Court that her obesity caused her any limitations, but only cites to the fact that she is obese. The ALJ considered all of the medical evidence in the record, including reports by Dr. Broderick that she

had no limitations while sitting, standing, lifting, carrying, handling objects, hearing, and speaking. (Tr. 24-25).

Plaintiff also contends the ALJ should have found she had a severe mental impairment. (Doc. #21 at 12). In evaluating a mental impairment, an ALJ rates an individual's limitations in four functional areas: (1) activities of daily living, (2) social functioning, (3) concentration, persistence and pace, and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). If the degree of limitation is "none" or "mild" in the first three functional areas and "none" in the fourth area, the impairment will generally be considered not severe. See 20 C.F.R. § 404.1520a(d)(1). In this case, the ALJ found Plaintiff had mild limitation in activities of daily living, no limitation in social functioning, mild limitation in concentration, persistence, or pace, and no episodes of decompensation. (Tr. 21-22). Accordingly, the ALJ found Plaintiff did not have a severe mental impairment. (Tr. 22).

In reaching these findings, the ALJ considered the opinion of consultative examiner Dr. Nilsa Rivera, who opined that Plaintiff had mild limitations in her abilities to respond appropriately to work pressures and to changes in a routine work setting, to understand and remember complex instructions, and to carry out complex instructions. (Tr. 22, 176-77). In addition, the ALJ noted that an agency interviewer who met with Plaintiff noted no problems with hearing, reading, breathing, understanding, coherency, concentrating, talking, answering, seeing, using her hands, or writing. (Tr. 26-27, 97). In addition, consultative examiner Dr. Lettner noted Plaintiff's somewhat reduced mental abilities were not sufficient to stop her from working. (Tr. 22, 277). Plaintiff argues that the examinations by Dr. Rivera, Dr. Johnson, and

8

Dr. Lettner demonstrate a severe mental impairment. (Doc. #21 at 12). However, as noted by the ALJ, Dr. Rivera opined that Plaintiff had only mild limitations in her abilities to respond appropriately to work pressures and to changes in a routine work setting, to understand and remember complex instructions, and to carry out complex instructions (Tr. 22, 176-77) and that Dr. Lettner noted Plaintiff's somewhat reduced mental abilities were not sufficient to stop her from working. (Tr. 22, 277). The ALJ found after a thorough review of all the evidence that there was no basis to establish a severe mental impairment, and that the Plaintiff's alleged disability is not due to any psychological/psychiatric disorder. (Tr. 22). Accordingly, substantial evidence supports the ALJ's finding that Plaintiff did not have a severe mental impairment.

### *2. Whether the ALJ properly evaluated Plaintiff's RFC*

Plaintiff contends that the ALJ's RFC finding is erroneous because there is no substantial evidence that Plaintiff could stand 6 hours in a day. (Doc. #21 at 15). The fourth step in the evaluation process requires the ALJ to determine the plaintiff's residual functional capacity (RFC) and, based on that determination, decide whether the plaintiff is able to return to his/her previous work. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of RFC is within the authority of the ALJ and along with the claimant's age, education, and work experience the RFC is considered in determining whether the claimant can work. Lewis, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite her impairments. Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004); Lewis, 125 F.3d at 1440 (11th Cir. 1997) (citing 20 C.F.R. 404.1545(a)). The ALJ must determine the claimant's RFC using all relevant

9

medical and other evidence in the case. Phillips, 357 F.3d at 1238. That is, the ALJ must determine if the claimant is limited to a particular work level. Id. (citing 20 C.F.R. § 404.1567).

Plaintiff cites various medical findings that she believes indicate she could not stand for 6 hours in a day. (Doc. #21 at 15). For instance, she cites a diagnosis of neuropathy. (Doc. #21 at 15). However, as discussed above, a mere diagnosis does not demonstrate the extent to which a claimant's ability to function is impaired. See Higgs, 880 F.2d at 863; see also Moore, 405 F.3d at 1213 n.6 (the mere existence of an impairment does not reveal the extent to which a claimant's ability to work is limited). She cites her having been placed in a cast due to difficulty ambulating in February 2004, but that instance occurred before her alleged onset date. (Doc. #21 at 15; Tr. 100). Upon review of the ALJ's findings, the Court notes that the ALJ had support for her finding that Plaintiff could stand 6 hours in an 8-hour workday, including her consultative exam with Kathleen Broderick, M.D., which noted that Plaintiff had no limitations with sitting, standing, lifting, carrying, handling objects, hearing, and speaking. (Tr. 24-25). Further, Dr. Johnson reported that Plaintiff's physical exam was essentially normal. (Tr. 25). The ALJ also noted that "[g]iven the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor." (Tr. 26). Accordingly, the undersigned finds that substantial evidence in the record supports the ALJ's RFC finding.

### *3. Whether the ALJ properly evaluated Plaintiff's subjective complaints*

Plaintiff argues that the ALJ failed to properly analyze her subjective allegations of disabling limitations. (Doc. #21 at 10, 12). A claimant's subjective complaints alone cannot establish disability. See 20 C.F.R. § 404.1529(a); SSR 96-7p, 1996 WL 374186, at *7 (S.S.A. 1996); Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991). When a claimant attempts to establish disability based on subjective complaints, she must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms. See 20 C.F.R. § 404.1529(a),(b); Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). If the objective medical evidence does not confirm the severity of the alleged symptom but the claimant establishes that she has an impairment that could be reasonably expected to produce his alleged symptoms, then the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. See 20 C.F.R.§ 404.1529(c), (d); SSR 96-7p; Wilson, 284 F.3d at 1225-26. It is within the province of the ALJ to decide questions of credibility. See Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995). An ALJ is not required to accept a claimant's subjective allegations of pain or other symptoms and may properly consider the credibility of a claimant when making a determination of disability. See Wilson, 284 F.3d at 1225-26. If the ALJ rejects a claimant's testimony concerning pain on credibility grounds, the ALJ must clearly "articulate explicit and adequate reasons" for discrediting Plaintiff's allegations. See Dyer, 395 F.3d at 1210. "A clearly

articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." See Foote, 67 F.3d at 1562.

In this case, the ALJ specifically found Plaintiff's statements concerning her impairments and their limiting effects were "not entirely credible in light of the discrepancies between the claimant's assertions and information contained in the documentary reports, the reports in the record, the findings made on examination, and the totality of the evidence in this case." (Tr. 26). Inconsistencies between a claimant's subjective complaints and the other evidence in the record are relevant in evaluating the claimant's credibility. See 20 C.F.R. § 404.1529(c)(4); Dyer, 395 F.3d at 1212. Specifically, the ALJ considered that Plaintiff's treatment and medication were "very limited." (Tr. 26, 191-240, 285-300, 305-38). An ALJ may consider a claimant's treatment history in evaluating the claimant's credibility. See 20 C.F.R. § 404.1529( c)(3)(v); Dyer, 395 F.3d at 1211. The ALJ further considered that no treating physician recommended any restrictions as to Plaintiff's ability to function. (Tr. 191-240, 285-300, 305-38). "[A] lack of physical restrictions constitutes substantial evidence for a finding of non-disability." Longworth v. Comm'r of Soc.Sec., 402 F.3d 591, 596 (6th Cir. 2005). Moreover, consultative examiners consistently indicated Plaintiff could perform some sort of work activity. (Tr. 26, 176-78, 185-90). In addition, the ALJ noted that an agency interviewer who met with Plaintiff noted no problems with hearing, reading, breathing, understanding, coherency, concentrating, talking, answering, seeing, using her hands, or writing. (Tr. 26-27, 97).

Plaintiff contends that the ALJ erred by "disregard[ing]" her complaints "merely because they are not fully supported by objective medical evidence." (Doc. 21 at 10). Yet, the ALJ

provided several reasons for discounting Plaintiff's complaints - not only that they were not supported by the objective medical evidence, but that Plaintiff's treatment history and use of medications did not corroborate her allegations. (Tr. 26). Therefore, the Court finds that the ALJ supported her credibility finding, which was proper.

### *4. Whether the ALJ properly relied on the VE's testimony*

Plaintiff argues that the ALJ erred by not reconciling purported conflicts between the VE's written testimony and the DOT. (Doc. #21 at 15-16). Under SSR 00-4p, the ALJ must resolve apparent conflicts between the VE's testimony and the information contained in the DOT. See SSR 00-4p, 2000 WL 1898704, at *2 (S.S.A. 2000). If the VE's testimony appears to create an "apparent unresolved conflict" with the DOT, the ALJ must elicit a reasonable explanation for the conflict. See id. For Plaintiff to prevail on this issue, she must establish an apparent conflict between the VE's testimony and the DOT. In this case, the ALJ explicitly asked the VE whether there were conflicts between her written testimony and the DOT. (Tr. 161). The VE responded that there were not. (Tr. 154). Accordingly, the ALJ complied with SSR 00-4p, which provides that the ALJ must "[a]sk the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and if the VE's or VS's evidence appears to conflict with the DOT, . . . obtain a reasonable explanation for the apparent conflict." 2000 WL 1898704, at *4.

Determinations on what jobs a claimant can perform - based on the claimant's age, education, prior work history, and physical and mental limitations - require the expertise of a VE who is familiar with reliable forms of vocational data, including the DOT. See, e.g., 20 C.F.R. §

404.1566(d)(1)-(5) (examples of various governmental and other publications of job information). In this case, the VE testified that Plaintiff could perform the jobs of gate guard, usher, and guide, and that significant numbers of these jobs exist in the national economy. (Tr. 153). Because the VE testified that her testimony was consistent with the information contained in the DOT (Tr.154), and Plaintiff has not demonstrated any apparent conflict in her brief to this Court, Plaintiff's argument that the ALJ's decision did not comply with SSR 00-4p is not well taken. Accordingly, there is no evidence in the record to suggest that the ALJ improperly accepted the VE's testimony, and this Court may not make a *de novo* determination of the VE's credibility. See <u>Sias v. Sec'y of Health and Human Servs.</u>, 861 F.2d 475, 480-81 (6th Cir. 1988) ("[i]t is the [Commissioner's] job to evaluate the trustworthiness of a vocational expert's testimony."). This Court may not decide facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. See <u>Dyer</u>, 395 F.3d at 1210. Accordingly, the Court finds that substantial evidence supports the ALJ's final decision and therefore the decision is affirmed.

Accordingly, it is now **ORDERED:**

The Decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly and **CLOSE** the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th Day of May, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record